## NO. 13-15457

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

MARTIN ENG,

Plaintiff-Appellant

Vs.

WASHINGTON MUTUAL BANK, FA; JP MORGAN CHASE, N.A.; CALIFORNIA RECONVEYANCE CO.; QUALITY LOAN SERVICE CORPORATION; LA SALLE BANK NATIONAL ASSOC.

Defendants -Appellees

---

REPLY BRIEF OF PLAINTIFF-APPELLANT

MARTIN ENG

---

Appeal from the United States District Court for the Ninth District of California,

Case No. 3:12-cv-05062- WHA

Honorable Judge William H. Alsup, Presiding

---

Martin Eng
939 Lombard Street
San Francisco, California 94133
Telephone: (415) 246-1111
E-mail: martineng@Yahoo.com

## CERTIFICATE OF INTERESTED PARTIES

☒ There are not interested parties or entities to list in this Certificate per California Rules of Court, Rule 8.208.

☐ The interested parties or entities are listed below:

| Name of Interested Person or Entity | Nature of Interest |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

Dated: 10/31/2013

      s/Martin Eng

MARTIN ENG, Plaintiff-Appellant, in pro per

Contents

I . INTRODUCTION ...................................................................................................1

II. COUNTER-STATEMENT OF FACTS ................................................................1

III.ARGUMENT .........................................................................................................1

   A. Order Dismissing the 11-3173 SAC is Not a Final Judgment Therefore Res Judicata Does NOT Apply ...................................................................................1

   B. Plaintiff Should Have Been Allowed to Amend.....................................4

   C. Appellants Claims Do Not Rise to the Level of Vexatious ................................5

      1. Inadequate Record to Support Vexatious Order................................5

      2. Breath of Order ..................................................................................8

VII.  CONCLUSION ...................................................................................................9

**Cases**

Carter v. McConnel, 852 F.2d 571 (9th Cir. 1988) .....................................................3

Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir.2002) ..........................4

Gerritsen v. Hurtado, 819 F.2d 1511, 1514 (9th Cir.1987) ........................................2

In re Veal (B.A.P. 9th Cir. 2011) 450 B.R. 897, 910 .............................................10

Johnson v. Lucent Technologies Inc., 653 F.3d 1000, 1011 (9th Cir. 2011), as amended (Aug. 19, 2011) ..........................................................................................4

Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir.1995) .........................................4

Marshall v. Sawyer, 301 F.2d 639, 643 (9th Cir.1962 ................................................ 2

McQuillion v. Schwarzenegger, 369 F.3d 1091, 1099 (9th Cir.2004) ....................... 4

Scott v. Eversole Mortuary, 522 F.2d 1110, 1112 n. 1 (9th Cir.1975) ...................... 2

Sires, 748 F.2D at 51 .................................................................................................. 8

State of California v. Harvier, 700 F.2d 1217, 1218 (9th Cir.1983) ......................... 2

Wood, 705 F.2d at 1525 ............................................................................................. 8

**Statutes**

Fed.R.Civ.P. 12(b)(6) ................................................................................................ 2

UCC § 3–418(b). ..................................................................................................... 10

**Other Authorities**

Miller & Harrell, *supra,* ¶ 6.03[6][b][ii], ................................................................. 9

## I . INTRODUCTION

The main issue in this Reply Brief is whether the Court's dismissal of the SAC in Case 11-3173 has a claim-preclusive effect under the doctrine of *res judicata.* The determination of *res judicata* impacts Appellants right to pursue restitution for the harms he has suffered and whether that pursuit is vexatious.

## II. COUNTER-STATEMENT OF FACTS

Appellee's rely on the fact the district court, in Case 11-3173, took judicial notice of the Purchase & Assumption Agreement ("PAA") between the Federal Deposit Insurance Corporation ("FDIC") and JP Morgan Chase Bank, N.A. ("Chase"), and in taking that judicial notice, morphed Chase's claim to have purchased Eng's loan, Note and Deed of Trust, though the PAA failed to provide any such evidence. (EOR, p.11, L14- L16; AOB, p.4, ¶2). As detailed in AOB, even if the district court took judicial notice of the PAA, the district court erred in giving legal effect to the PAA as a demonstration of ownership of Appellant's loan.

Appellee's further argue the ruling in Case 11-3173 was on the merits of the case and therefore *res judicata* applies in the current matter. (RB, p.16-p. 20, ¶1) ; Appellant respectfully disagrees as detailed below.

## III.ARGUMENT

### A. Order Dismissing the 11-3173 SAC is Not a Final Judgment Therefore Res Judicata Does NOT Apply

1

"Ordinarily an order dismissing the complaint rather than dismissing the action is not a final order...." *Gerritsen v. Hurtado,* 819 F.2d 1511, 1514 (9th Cir.1987). Such an order may be considered final only if the record shows clearly that the trial court found that " 'the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make....' " *State of California v. Harvier,* 700 F.2d 1217, 1218 (9th Cir.1983) (*quoting Marshall v. Sawyer,* 301 F.2d 639, 643 (9th Cir.1962)).

Here the language of the dismissal in the prior action suggests that the district court did not intend the order to be final. The court ordered the dismissal of "the complaint" (SAC) rather than the dismissal of "the action."

Although the "[f]ailure to allow leave to amend supports an inference that the district court intended to make the order final," *Gerritsen,* 819 F.2d at 1514, unlike prior cases where we have found Fed.R.Civ.P. 12(b)(6) dismissals to be final, there is no further indication in the record to support that inference. *See id.* at 1514-15; *Scott v. Eversole Mortuary,* 522 F.2d 1110, 1112 n. 1 (9th Cir.1975). On this record, it is not clear that the district court found that Carter's complaint could not have been saved by appropriate amendment. Indeed, the complaint might easily have been amended to assert a contract theory and diversity jurisdiction. Thus, the order dismissing the

2

complaint is not a final judgment and accordingly lacks claim-preclusive effect. *Carter v. McConnel*, 852 F.2d 571 (9th Cir. 1988)

In the 11-3173 matter, Judge Chesney clearly states that Appellant neither opposed the Motion to Dismiss, nor requested a leave to amend. Further, the Judge Chesney notes the failure of Appellant to not oppose or request leave to amend is not *dispositive*. More importantly, the Judge Chesney allows that there is *"no indication any further leave will result in a more viable **pleading**"*. (See EOR, p. 17, L1-L7) (Emphasis added). The Court then dismisses the SAC complaint without further leave to amend.

In reviewing the Court's analysis in Case 11-3173, Appellant respectfully argues Judge Chesney did not find Appellant had no causes of action under any theory or by better articulating the facts; the ruling specifically dismisses the SAC on the basis the Court had no indication of a more viable *pleading*. Appellant argues the order dismissing the SAC is not a final judgment and therefore lacks claim-preclusive effect. If the effect of a dismissal without leave to amend is a final bar to pursue remedies for harm, then the doctrine of *res judicata* would disappear as a legal principle.

In this matter, the district court erred in determining the ruling of Case 11-3173 was *res judicata* barring Appellant from pursuing restitution for the fraudulent

3

and wrongful conduct of Appellees under any theory or set of facts. (EOR, p. 3; p.4 L1-L23).

**B. Plaintiff Should Have Been Allowed to Amend**

Dismissal of Appellants Complaint with prejudice and without opportunity to amend was improper as Appellant was in pro se. Furthermore, "[l]eave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs." *McQuillion v. Schwarzenegger,* 369 F.3d 1091, 1099 (9th Cir.2004) (internal quotation marks omitted). *Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011), as amended (Aug. 19, 2011)    *See Flowers v. First Hawaiian Bank,* 295 F.3d 966, 976 (9th Cir.2002) (noting that this court is "very cautious in approving a district court's decision to deny pro se litigants leave to amend"); *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir.1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, ... a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").

The district court erred by first applying *res judicata* and, Appellant believes under the impending vexatious order, by not allowing Appellant an opportunity to secure representation to assist with the complaint and claims.

4

**C. Appellants Claims Do Not Rise to the Level of Vexatious**

To make a finding that the claims are frivolous or harassing, the district court is required to look at both the number and the *content* of the filings. The district court, in its ruling, considered the four litigations filed by Appellant against defendants on the Lombard property and six unrelated complaints. While Appellee's, in their attempt to bolster their vexatious claim included other litigations of Appellant those litigations do NOT involve the same parties or the same property. There was no finding that all the complaints are comprised of boilerplate templates or indications of being brought in bad faith. The district court found that because there was no evidence of admonishment in the other pleadings being submitted by Appellees, the district court would (and did) not consider those rulings in this matter. (See EOR, p.6, L14-L15)   The Court considered the three prior complaints on the Lombard property and six unrelated complaints  in which some had resulted in vexatious orders.

**1. Inadequate Record to Support Vexatious Order**

In *Delong v. Hennessey,* 912 F.2d 1144 (1990), this Court reviewed the district court's vexatious litigant order finding the order was not sufficiently developed to show De Long was abusing the judicial system.

> An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed. *See Martin–Trigona,* 737 F.2d at 1270–74. At the least, the

5

record needs to show, in some manner, that the litigant's activities were numerous or abusive. *See, e.g. Wood,* 705 F.2d 1515, 1523, 1526 (35 related complaints filed); *Oliver,* 682 F.2d at 444 (over 50 frivolous cases filed); *In re Green,* 669 F.2d 779, 781 (D.C.Cir.1981) (per curiam) (over 600 complaints filed).

**\*1148** Here, the district court's record fails to set forth in any form the filing of cases and motions that support the conclusion that De Long's filings are so numerous or abusive that they should be enjoined. Therefore, we must remand on this basis as well. *De Long v. Hennessey*, 912 F.2d 1144, 1147-48 (9th Cir. 1990)

The district court found Appellant vexatious based on ten litigations, not 35, or 50, or 600 complaints. *Non-meritorious* is not synonymous with unsuccessful. The repeated motions must be so devoid of merit and so frivolous that they constitute a flagrant abuse of the system. They must have no reasonable probability of success, and the court must find that they clearly were an attempt to "abuse the processes of the courts and to harass the adverse party. ..." (*Morton,* 156 Cal. App. 4th at 972.) In *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007), *Molski* had filed about 400 complaints; in reviewing the number of complaints the Court found the number of suits, standing alone, did not warrant a vexatious order. The Court further opined that it was the textually and factual similarities through boilerplate complaints that might indicate an intent to harass. In *Molski* it was determined *Molski* used the complaints as a way to extract cash settlements. This is not the case here. Appellant is a property owner fighting for his property rights on several of his properties.

6

The three prior complaints on the Lombard property were factually similar; the unrelated six complaints were not textually or factually similar, nor was there the use of any boilerplate templates.

In *De Long* the Court weighed whether the filings presented an *indicia* of frivolousness. In this matter, the district court considered the complaint abusive and frivolous because Appellant had sued defendants "multiple of times on the same foreclosure event" (EOR, p. 6, L25) and had filed the complaint claiming the loan amount was for the REMIC Trust pool ($435,495,100) instead of the actual loan amount ($1,789,500). As detailed in Appellants Brief, the first two litigations were prior to the Trustee Sale and dismissed at the pleading stage not on the merits of the case; the third was not a final judgment on the claims but rather on the SAC. (EOR, p.15). While Appellee's argue that Appellant could, and should, have pursued the wrongful foreclosure in the first two, California law has been clear that a wrongful foreclosure suit is not supported pre-foreclosure. (See RB, p.18, ¶2) (See *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 121 Cal. Rptr. 3d 819 (2011), review denied (May 18, 2011), cert. denied, 132 S. Ct. 419, 181 L. Ed. 2d 287 (U.S. 2011)

Appellant has several properties and as his constitutional right, has sought to enjoin strangers attempting to harm or interfere with his property rights. The complexity of the issues surrounding the financial crisis brought on by the national

7

banks and wall street firms tries the best of legal minds in trying to unwind the fraud. Appellants filings may be annoying or frustrating; but they have not be determined to actually be frivolous or without merit. They in fact, **do have merit** though admittedly Appellant needs to articulate the harm and illegal conduct by Chase and its subsidiaries more clearly. Here it appears form takes precedence over content or substance of the claims; and it further muddled when the district courts give improper legal effect to documents being judicially noticed. The record does not support a vexatious finding; the district court erred in issuing the vexatious order.

## 2. Breath of Order

The breadth of the order also exceeds the alleged *vice* found by the district court. In fact, the breadth of order actually demonstrates the district court erred in not considering the whole set of facts. By mandating Appellant file a "pre-order filing" against any of the defendants, including Chase, the Court failed to consider Plaintiff has other properties in which Chase and its subsidiaries are involved. (See EOR, p. 8, L21-L28; p. 9, L1-L6)

In *DeLong,* the Court determined the order needed to be narrowly defined "to prevent infringement on the litigator's right of access to the court." *Sires,* 748 F.2D at 51; *see also Wood,* 705 F.2d at 1525. Here the district court states that Appellant must file a pre-filing order prior to submitting a complaint against *any of the defendants;* the effect is that Appellant must submit to a pre-filing review on *any of*

8

*his properties that may involve any of the Appellee's.* The record does not support such a broad order and at the minimum, the order should have been specific to the Lombard property only.

## **VII. CONCLUSION**

Interestingly enough, though not surprising, the Appellees do not dispute that they have never, not one time, provided one piece of evidence demonstrating the Eng Loan on the Lombard property was actually part of the voluntary purchase agreement between the FDIC and Chase; Appellee's rely on the Judicial Notice and the district court improperly giving legal effect to the PAA to include *all* instead of *certain* assets, thereby failing to require the receivers deed to demonstrate the Eng loan was part of the *certain* assets. This is the true crux of this issue, which is lost in this litigation. Eng, as the consumer, has a right to know who the real creditor is and where his payments on the loan went and whether he is still vulnerable to the unnamed creditor. If, however, the maker pays someone other than a "person entitled to enforce"—even if that person physically possesses the note the maker signed—the payment generally has no effect on the obligations under the note. The maker still owes the money to the "person entitled to enforce," Miller & Harrell, *supra,* ¶ 6.03[6][b][ii], and, at best, has only an action in restitution to recover the mistaken payment. *See* UCC § 3–418(b). *In re Veal* (B.A.P. 9th Cir. 2011) 450 B.R. 897, 910.

9

Appellant respectfully requests the order dismissing the complaint be reversed and the matter remanded to the district court, so that Appellant may amend the complaint with counsel. Appellant requests the vexatious order be reversed or at the minimum, modified to be specific to the Lombard property and not generically to all defendants.

Date:10/31/2013                                              ___s/Martin Eng_____

                                                             Martin Eng, Plaintiff-Appellant,

                                                             in pro per

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32a(7)(C), the undersigned, MARTIN ENG, Plaintiff-Appellant in pro per, certifies this brief:

(i) Complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 2,257 words, including footnotes and excluding parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B) (iii); and

(ii) Complies with the typeface requirements of Fed. R. App. P. 32(a)(5) as modified by Cir. R. 32(b) and the type style requirements of Fed. R. App. P. 32(a)(6)

Date:10/31/2013                              _____s/Martin Eng_____

                                             Martin Eng, Plaintiff-Appellant,

                                             in pro per